UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

IN RE:

Yvonne V Skapars

Champion Mortgage Company, a division of Nationstar Mortgage LLC

VS.

Yvonne V Skapars

CHAPTER 13
CASE NO. 15-11221-WCH

MOTION FOR RELIEF FROM STAY

To the Honorable William C. Hillman:

Champion Mortgage Company, a division of Nationstar Mortgage, LLC, your moving party in the within Motion, respectfully represents:

1.	The movant has a mailing address of P.O. Box 619093, Dallas, TX, 75261.

2.	The debtor, Yvonne V Skapars, has a mailing address of 122 Oakmont Rd, Yarmouth Port, MA 02675-1666.

3.	On March 31, 2015, the debtor filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

4. The movant is the holder of a Home Equity Conversion Mortgage (Reverse Mortgage) on real estate in the original amount up to the maximum principal sum of $712,500.00 given by the late Aurelis V. Skapars and Yvonne V Skapars to MetLife Home Loans, a Division of MetLife Bank, N.A. on or about October 21, 2011.  Said mortgage is recorded with the Barnstable County

Registry of Deeds at Book 25787, Page 91 and covers the premises located at <u>122 Oakmont Road, Yarmouth Port, MA 02675</u>.

5. Said mortgage secures a note given by the late Aurelis V. Skapars and Yvonne V Skapars to MetLife Home Loans, a Division of MetLife Bank, N.A. in the original amount of $712,500.00.

6. Said mortgage was assigned by MetLife Home Loans, a Division of MetLife Bank, N.A. to Nationstar Mortgage LLC by an assignment recorded with the Barnstable County Registry of Deeds at Book 27135, Page 225. A copy of the mortgage, note and assignment is annexed hereto and marked as **Exhibit 'A'**.

7. There is no other collateral securing the obligation.

8. As of June 30, 2015, approximately $412,068.85 in principal, interest, late fees and other charges was due with regard to Champion Mortgage Company's note and mortgage.

9. There are no other known encumbrances on the property.

10. According to the debtor's schedules, the fair market value of the subject property is $494,151.00. The liquidation value of the subject property is $461,749.30, calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($2,252.64) and anticipated costs incurred for a real estate closing of $500.00.

11. The debtor has equity in the property according to her estimate of value.

12. Pursuant to the Note and Mortgage, the loan becomes due and payable if an obligation of the borrower under the terms of the Mortgage is not performed, or upon the death of the borrower. One of the obligations of the loan documents is that the mortgagors remain current with their payment of hazard insurance and real estate taxes.

13. The debtor has defaulted under the terms of the loan documents by failing to remain

current with the real estate taxes as they become due. Your movant has advanced the sum of $1,204.15 to date to the taxing authorities for real estate tax obligations due post-petition.

14. Due to the Debtor's ownership interest in the property, the movant requires relief from stay to proceed with foreclosure.

15. The property is not necessary for a successful reorganization of the debtor.

16. The movant seeks relief from stay as a secured creditor to enforce its rights under its loan documents and applicable law. In support thereof, the movant states that it is entitled to relief as follows:

> Pursuant to 11 U.S.C. 362 (d)(1) for cause on the basis that the debtor has failed to remain current with her obligations to pay the real estate taxes as and when due on a post-petition basis.

WHEREFORE, the movant prays that it, and its successors and/or assigns, be granted relief from the stay for the purpose of: (i) exercising its rights under its agreements with the debtor and any co-debtors under applicable law, including, without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises; (ii) preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a); (iii) bringing such actions, including, without limitation, summary process proceedings, as are permissible by law; and (iv) that the Court order such other and further relief as may be just and proper.

        Respectfully submitted,

        Champion Mortgage Company, a division of
        Nationstar Mortgage LLC

By its Attorney

/s/ Deirdre J. Keady
Deirdre J Keady, Esquire
BBO# 359020
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461-0389
(617) 558-0500

Dated: August    3   , 2015

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (EASTERN)

IN RE:

Yvonne V Skapars

CHAPTER 13
CASE NO. 15-11221-WCH

CERTIFICATE OF SERVICE

     I, Deirdre J Keady, Esquire, state that on August 3, 2015, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Massachusetts on behalf of Champion Mortgage Company using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

John Fitzgerald, Esquire, Assistant U.S. Trustee
Carolyn Bankowski, Esquire, Chapter 13 Trustee
Peter M. Daigle, Esquire for the Debtor

     I certify that I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non CM/ECF participants:

                                        /s/ Deirdre J. Keady
                                        Deirdre J Keady, Esquire
                                        BBO# 359020

Estate of Aurelis V Skapars
122 Oakmont Road
Yarmouth Port, MA 02675-1666

Yvonne V Skapars
122 Oakmont Rd
Yarmouth Port, MA 02675-1666

Office of Tax Collector
1146 Route 28
South Yarmouth, MA  02664

Office of the US Attorney
For the District of Massachusetts
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (EASTERN)

| | |
|---|---|
| In re:<br><br>Yvonne V Skapars,<br><br>Debtor. | CHAPTER 13<br>CASE NO. 15-11221-WCH |

**<u>Order Granting Champion Mortgage Company, A division of Nationstar Mortgage LLC Relief From Stay And Leave To Foreclose Mortgage</u>**

This matter has come before the Court, and after full consideration, and no objections having been filed after proper notice, it is hereby ordered that Champion Mortgage Company, a division of Nationstar Mortgage LLC, its Successors and/or Assigns, Motion for Relief From Stay is hereby granted and the stay imposed by 11 U.S.C. §362 and/or 11 U.S.C. §1301 is hereby terminated and it may proceed to foreclose or accept a deed in lieu of foreclosure of the mortgage given by to MetLife Home Loans, a Division of MetLife Bank, N.A. dated October 21, 2011 and recorded with the Barnstable County Registry of Deeds at Book 25787, Page 91 and which covers the premises located at 122 Oakmont Road, Yarmouth Port, MA 02675-1666, and may exercise its rights under said Mortgage, including preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a), and may bring such actions, including, without limitation, summary process proceedings, as are permissible by law, all as set forth in its Motion.

_____

Honorable William C. Hillman
United States Bankruptcy Judge

201504-0441