**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:   SKAPARS, YVONNE V.<br>SSN: xxx-xx-5580<br><br>Debtor(s) | Chapter 13<br>Case No. 15-11221-JNF |

MOTION OF CHAPTER 13 TRUSTEE FOR ORDER DISMISSING
CASE FOR FAILURE TO FILE A CONFIRMABLE PLAN
NOTICE OF BAR DATE OBJECTIONS/RESPONSES

   Now comes the Chapter 13 Trustee (the "Trustee") and respectfully moves the Court for an Order dismissing this case. In support thereof, the Trustee states as follows:

1. On March 31, 2015, the above-captioned Debtor (the "Debtor") filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.
2. On April 28, 2015, the Trustee convened and presided at a meeting of creditors as required by 11 U.S.C. §341 wherein the Debtor appeared with Counsel was sworn and examined.
3. The Debtor filed the Plan (the 'Plan') on April 21, 2015. The Plan proposes paying $408.00 per month to the Trustee for a term of 60 months with a dividend to total unsecured creditors of 35.4186%. The Trustee cannot recommend the Plan for confirmation at this time as the treatment of the secured claim(s) appears inconsistent with the Debtors' financial affairs.
4. In Section II. Secured Claims subsection A. Claims to be paid through the Plan (including arrears): the Debtor states: 'NONE.' In subsection B. Claims to be paid directly by debtor to creditors (Not through Plan): the Debtor list the claim(s) of Champion Mortgage (reverse mortgage) as paid direct. However, review of the Claims Register evidences that on July 27, 2015 a secured proof of claim was filed by creditor, Nationstar Mortgage, Inc. (Nationstar) (Claim # 10-1) with pre-petition arrearages in the amount of $10,644.78.
5. The Trustee avers that to date no Objection to the Claim of Nationstar has been filed by the Debtor. The Trustee asserts that the treatment of the secured claim held by Nationstar is inconsistent and appears to render the Plan non-feasible. The Trustee is unable to recommend the plan for confirmation at this time. Failure to   file a confirmable Plan is grounds for dismissal pursuant to 11 U.S.C. §1307(c) for unreasonable delay which is prejudicial to creditors.

   WHEREFORE, the Trustee respectfully requests that this Court enter an Order dismissing this case.

Dated: March 08, 2016                              Respectfully Submitted,

                                        By: /s/ Carolyn Bankowski
                                        Carolyn Bankowski, BBO #631056
                                        Patricia A. Remer, BBO  #639594
                                        Office of the Chapter 13 Trustee
                                        P.O. Box 8250
                                        Boston, MA 02114
                                        (617) 723-1313
                                        **13trustee@ch13boston.com**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:   SKAPARS, YVONNE V.                                          Chapter 13
SSN: xxx-xx-5580                                                     Case No. 15-11221-JNF

                    Debtor(s)


ORDER DISMISSING CASE


The motion of the Chapter 13 Trustee to dismiss this case having come before this Court, due notice having been given, and for cause shown, it is hereby:

ORDERED: that this Chapter 13 case is dismissed.


Dated: _____, 2016


_____
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:  SKAPARS, YVONNE V.                                     Chapter 13
       SSN: xxx-xx-5580                                             Case No. 15-11221-JNF

           Debtor(s)

## NOTICE OF BAR DATE FOR OBJECTIONS/RESPONSES

Notice is given that any responses and/or objections to this motion are to be filed within twenty-one (21) days of the date hereof. If no timely objections/responses are filed, the Court may act on this motion without further notice or hearing as provided by 11 U.S.C.§102(1)(B).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within Trustee's Motion to Dismiss was served upon the Debtor, Debtor's counsel of record and those parties listed on the following service list by first class mail, postage prepaid or by electronic notice.

Dated: March 08, 2016

                                          By: /s/ Carolyn A. Bankowski
                                             Carolyn A. Bankowski

## SERVICE LIST

| Yvonne V. Skapars<br>122 Oakmont Road<br>Yarmouth Port, MA  02675 | Peter M. Daigle, Esq.<br>1550 Falmouth Road<br>Suite # 10<br>Centerville, MA  02632 |