**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: SKAPARS, YVONNE V. | Chapter 13 |
| SSN: xxx-xx-5580 | Case No. 15-11221-JNF |
| Debtor(s) | |

SUPPLEMENTAL MOTION OF CHAPTER 13 TRUSTEE FOR ORDER DISMISSING
CASE FOR FAILURE TO FILE A CONFIRMABLE PLAN FILED ON MARCH 08, 2016
<u>NOTICE OF BAR DATE OBJECTIONS/RESPONSES</u>

Now comes the Chapter 13 Trustee (the "Trustee") and Supplements the Motion to Dismiss filed on March 08, 2016 and, respectfully moves the Court for an Order dismissing this case. In support thereof, the Trustee states as follows:

1. On March 31, 2015, the above-captioned Debtor (the "Debtor") filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.

2. On April 28, 2015, the Trustee convened and presided at a meeting of creditors as required by 11 U.S.C. §341 wherein the Debtor appeared with Counsel was sworn and examined.

3. In response to the Trustee's Motion to Dismiss filed on March 08, 2016, the Debtor filed the Amended Plan (the 'Plan') with an *'Effective Date'* for the Plan to begin of May 01, 2016 on April 26, 2016. The Plan proposes an increased payment of $628.00 per month to the Trustee for a term of 60 months with an increased dividend to unsecured creditors of 40.9704% paying the amount of $20,865.47 through the plan. The Trustee cannot recommend the Plan for confirmation at this time as it appears inconsistent with the Debtors' financial affairs.

4. In Section VII. Calculation of Plan Payment (line h) Subtract the total amount of payment the Debtor has paid to the Trustee to date: the Debtor states the amount of $5,496.00. However, the Trustee avers that as of March, 2016 the Debtor has only paid the amount of $5,088.00 not $5,496.00 as stated.

5. In addition, according to the Liquidation Analysis, there is $21,767.68 available for creditors in a Chapter 7. The Trustee asserts that there does not appear to be any priority or administrative claims being treated through the Plan. Therefore, the Trustee avers that there are additional $902.21 that could be devoted to paying unsecured creditors. Therefore, the Debtors' proposed plan cannot be confirmed, as the Plan does not meet the best interest test set forth under 11 U.S.C. §1325(a)(4). The Trustee avers that creditors would receive a greater dividend in a liquidation under Chapter 7 of the Bankruptcy Code.

6. Based on the aforementioned, the Trustee is unable to recommend the plan for confirmation at this time. Failure to file a confirmable Plan is grounds for dismissal pursuant to 11 U.S.C. §1307(c) for unreasonable delay which is prejudicial to creditors.

  WHEREFORE, the Trustee respectfully requests that this Court enter an Order dismissing this case.

Dated: <u>April 27, 2016</u>      Respectfully Submitted,

              By: <u>/s/ Carolyn Bankowski</u>
              Carolyn Bankowski, BBO #631056
              Patricia A. Remer, BBO #639594
              Office of the Chapter 13 Trustee
              P.O. Box 8250
              Boston, MA 02114
              (617) 723-1313
              **13trustee@ch13boston.com**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:   SKAPARS, YVONNE V.                                         Chapter 13
         SSN: xxx-xx-5580                                           Case No. 15-11221-JNF

                Debtor(s)


ORDER DISMISSING CASE


The supplemental motion of the Chapter 13 Trustee to dismiss this case having come before this Court, due notice having been given, and for cause shown, it is hereby:

   ORDERED: that this Chapter 13 case is dismissed.


Dated: _____, 2016


                                                    _____
                                                    U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

In re:   SKAPARS, YVONNE V.                                              Chapter 13
SSN: xxx-xx-5580                                                         Case No. 15-11221-JNF

                        Debtor(s)

## NOTICE OF BAR DATE FOR OBJECTIONS/RESPONSES

Notice is given that any responses and/or objections to this supplemental motion are to be filed within twenty-one (21) days of the date hereof. If no timely objections/responses are filed, the Court may act on this motion without further notice or hearing as provided by 11 U.S.C.§102(1)(B).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within Trustee's Supplemental Motion to Dismiss was served upon the Debtor, Debtor's counsel of record and those parties listed on the following service list by first class mail, postage prepaid or by electronic notice.

Dated: April 27, 2016

                                                    By: /s/ Carolyn A. Bankowski
                                                        Carolyn A. Bankowski

## SERVICE LIST

| Yvonne V. Skapars          | Peter M. Daigle, Esq.      |
|----------------------------|----------------------------|
| 122 Oakmont Road           | 1550 Falmouth Road         |
| Yarmouth Port, MA  02675   | Suite # 10                 |
|                            | Centerville, MA  02632     |