## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: SKAPARS, YVONNE V.<br>SSN: xxx-xx-5580<br>　　　　　　　Debtor(s) | Chapter 13<br>Case # 15-11221-JNF |

### ORDER CONFIRMING CHAPTER 13 PLAN

The debtor(s) filed an Amended Chapter 13 Plan (the "Plan") on <u>May 26, 2016.</u> The debtor(s) filed an Amended Certificate of Service on <u>May 26, 2016</u>, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties.  Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed.  The term of the Plan is <u>60</u> months.

2. The debtor(s) shall pay to the Chapter 13 Trustee the sum of <u>$650.00*</u> per month commencing <u>April 01, 2015</u> which payments shall continue through the completion of the Plan and shall be made on the <u>1st</u> day of each month unless otherwise ordered by the Court. Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to: <u>Carolyn Bankowski, Esq.  Chapter 13 Trustee, P.O. Box 1131, Memphis, TN 38101-1131.</u>

3. The effective date of confirmation of the Plan is <u>April 01, 2015.</u>  The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan.  Unless otherwise ordered by the court, all property of the estate as defined in U.S.C.§§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the debtor(s) only upon discharge.  All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court.  The debtor(s) shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the bankruptcy court.  The debtor shall be responsible for preserving and protecting property of the estate.

*As of <u>April 30, 2016</u>, the Debtor has paid the amount of <u>$5,496.00</u> to the Trustee. Commencing <u>May 01, 2016</u> and on the 1st of each month thereafter the Debtor shall pay the amount of <u>$650.00</u> per month to the Trustee for the remaining <u>47</u> months of the plan.

Dated: _____　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge   09/26/2016

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

**In re: SKAPARS, YVONNE V.**  
**SSN: xxx-xx-5580**  
**Debtor(s)**

**Chapter 13**  
**Case # 15-11221-JNF**

## SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

**1.  Modified Secured Claims**

NONE

**2.  Unmodified Secured Claims**

Champion Mortgage (Champion) – is retaining its lien on 122 Oakmont Road, Yarmouth, MA. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Champion. Champion shall be paid its pre-petition arrears in the amount of $10,644.78 over 60 months in the amount of $177.41 per month through the plan.

**3.  Administrative Claims**

NONE

**4.  Priority Claims**

NONE

**5.  Unsecured Claims**

The holders of unsecured claims total $50,928.10* and shall receive a dividend no less than 42.7977%.

\* This sum includes the following unsecured 'non-dischargeable' student loan claim(s) of Navient/Blue Ridge in the amount of $15,341.70 and Dept. of Ed./Navient in the amount of $20,728.65.

**6.  Other Pertinent Provisions**

NONE